## Cox v. Jennings et al.

January 25, 1949.

Lovett & Lovett for appellant.

Prince, Cox & Acree for appellees.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

This suit was filed by appellant, Lee Cox, against his niece, Eunice Jennings, and Dee Jennings, her husband, appellees herein, seeking to have his title quieted

to the following tracts of ground located in Calvert City, Ky., towit: Lot 9 in Block "B," the west half of Lot 5 in Block "B," the west half of Lot 4 in Block "B" and the east half of Lot 4 in Block "B." After issues were made up, proof taken and case submitted, judgment was entered quieting appellant's title to the east half of Lot 4 in Block "B" and Lot 9 in Block "B" but refusing to quiet his title in the west half of Lot 5 Block "B" and the west half of Lot 4 Block "B." Title to the latter two lots was quieted in appellee, Eunice Jennings. Appellant appeals from so much of that judgment as denies him title to and quiets title in appellees in and to the last two lots above mentioned. Appellee files no cross-appeal.

Appellant claims title to the west half of Lot 5 Block "B" by virtue of a deed which he claims was executed to him by W. W. English, dated about September 1, 1898, which deed was never recorded and which he claims was burned up in 1912. This lot had previously been owned by E. Cox, father of appellant and grandfather of appellee, Eunice Jennings. As the result of a judgment against E. Cox, this property, along with other tracts, was sold under judgment of court and purchased by J. B. Cox, father of appellee, Eunice Jennings, and brother of appellant, and a deed was executed to said J. B. Cox by W. W. English, Master Commissioner of the Marshall Circuit Court, on June 10, 1885, a copy of which deed is filed in the record as an exhibit. The validity of this deed is not questioned and there is no competent evidence of any probative value whatever to show how title to this lot could have been gotten back into W. W. English so that he could later make a conveyance of the same property to appellant, as he claims. This fact, together with appellant's improbable testimony that he kept this deed all these years without recording it and that it burned up in 1912, convinces us fully that the Chancellor was correct in his findings that appellant never had title to this lot.

Appellant's claim to title to the west half of Lot 4 Block "B" is based on a parol gift which he claims was made to him in 1903 or 1904 by his brother J. B. Cox, father of appellee, Eunice Jennings. This claim is supported only by the testimony of appellant, whose testimony is clearly incompetent under Section 606, subd. 2

of the Civil Code of Practice, since J. B. Cox was dead when such testimony was given. The law closely scrutinizes claimed parol gifts of this character and to establish such gifts, there must be strong and convincing evidence, which we do not have in this case. As with the other lot, we agree with the Chancellor that appellant failed to establish by any satisfactory evidence that he ever had title to this lot.

Appellant further claims title to the above two lots by adverse possession of more than thirty years. It is of course true that if appellant had entered into possession of the two lots involved which he claims and had held them adversely since that time, his title would have ripened into a good title by adverse possession. But the proof in this case fails to show he had any color of title or that his holding was adverse to his brother, J. B. Cox, who had title to the land. On the contrary, it tends to show that appellant was holding this property as the agent or representative of his brother, J. B. Cox, who moved to Missouri over forty years ago and died there in 1935. Lee Cox and J. B. Cox owned a farm near Calvert City and other property in Calvert City jointly. J. B. Cox owned some alone, and Lee Cox owned some alone. J. B. Cox owned some lots in Calvert City on which Lee Cox built buildings by some arrangement or understanding with J. B. Cox which is not clearly shown in the record. But the record does show that Lee Cox acted as an agent and handled the business affairs for his brother in Marshall County; that J. B. Cox made annual visits to Marshall County from his home in Missouri and that some sort of accounting was made to him by his brother Lee from time to time. While the picture is not clear because of the loose manner in which their property matters were handled between the two brothers, we cannot spell out of it any justification of appellant's claim that he had established title to the two lots herein involved by adverse possession. We agree with the findings of the Chancellor that no such adverse holding has been established by the proof, and in our opinion he correctly quieted title to the two lots involved in appellee Eunice Jennings.

The opinion of the lower court in this case was filed on July 18, 1945, and the judgment rendered in conformity therewith was filed on the same day, according to the

record. On February 28, 1946, appellant gave notice and tendered and offered for filing an amended and supplemental petition which was in substance as follows: that while he was holding the west half of Lots 4 and 5 Block "B" and believing himself actual owner thereof, he, in good faith and without knowledge and consent of J. B. Cox, erected valuable improvements on said property which enhanced its value to the extent of $15,000; that by reason of said improvements he has a lien on said property to the extent of $15,000, and that this action should be reopened to hear proof of the extent of said enhancement so that all matters in controversy concerning said property could be adjudicated in this action without incurring additional costs. Appellees objected to the filing of this motion and, after hearing, the objection was sustained and the filing of said amended and supplemental petition was refused but made part of the record for the purpose of appeal, by order entered July 3, 1947.

Appellant contends that the court erred in refusing to permit the filing of this amended and supplemental petition. A trial court has broad discretion in permitting amended pleadings to be filed and we cannot say that the lower court abused that discretion in this case. The case had been pending since June 1943, and appellant had the right from the beginning to plead in the alternative, that he had title to the property on which the improvements were located but if it be held that he did not, then that he should be reimbursed for the value of the improvements which he had placed on it. Instead he waited until judgment had gone against him and then sought a reopening of the case to try out a question which could have been adjudicated along with other questions involved. The case of Aylor v. Aylor, 158 Ky. 713, 166 S. W. 216, the principal case relied on by appellant to support his contention, is based on a different factual situation and is clearly distinguishable. That was a suit to settle an estate and the amended and supplemental proceedings thereunder were necessary to effectuate the purpose of the original petition, to-wit, the division of the entire estate between the heirs. That is not the case here. Furthermore, the situation in that case was just the opposite from what it is here, in that, in that case the court refused to reverse the judgment,

as appellant sought to have it do, because it said that the Chancellor has a broad discretion in permitting amended and supplemental pleadings to be filed. We are simply carrying out that principle in allowing that discretion in the case at bar, and under the facts shown in this case, we do not think the discretion lodged in the Chancellor was abused.

For the reasons herein indicated, the judgment of the lower court is affirmed.

Judgment affirmed.