## JONES et al. v. CADDELL.

Court of Appeals of Kentucky.
Dec. 21, 1951.

Leonard S. Stephens, Whitley City, for appellants.

Glenn H. Stephens, Williamsburg, for appellee.

WADDILL, Commissioner.

By this action appellants, Mary Jones and her son, Marshall, seek to be adjudged owners of a tract of land in Whitley County referred to as the "Perkins Farm." Appellants claim title by gift and adverse possession, while appellee, Alfred S. Caddell, asserts title under a will. The court found for appellee.

The parties claim title to the land through M. C. Caddell, who was a brother of Mary and an uncle of Marshall and Alfred. M. C. Caddell owned three tracts of land in Whitley County known as the "Perkins, Stephens and Meadows" farms. He never married and for many years prior to 1920, made his home on the "Stephens" farm with Mary and Marshall Jones; he became prosperous and moved to the "blue grass" section of Kentucky where he resided until his death in 1948. By will he devised his entire estate to appellee.

Appellants testified that M. C. Caddell gave them the "Perkins" farm about 27 years ago. Marshall Jones stated that he moved his family onto the land and occupied it, repaired some of the buildings and fences and cut part of the timber and mined some of the coal. However, appellants admit that M. C. Caddell listed the property for taxation and paid all taxes upon it. Marshall concedes that when a portion of the land was condemned for road purposes that he was not made a party to the suit, nor did he receive payment therefor. Marshall further admitted that after M. C. Caddell's death he had a conversation with appellee's father in which he asked him if he thought appellee would sell the "Perkins" farm. Marshall attempts to explain his inquiry by the following answer: "I just asked him if he reckoned Alfred would sell it, and he said he didn't know, and that was all that was said. I didn't aim to buy it anyway."

Many witnesses were introduced by the parties in litigation. There is some evidence that tends to support the parol gift, but it is of such a nature that it has little probative value. The testimony of appellee's witnesses is to the effect that appellants' claim to the land is fictitious.

Claimed parol gifts of land are closely scrutinized and must be established by strong and convincing evidence. Cox v. Jennings, 309 Ky. 238, 217 S.W.2d 305. The chancellor, in commenting upon appellants' testimony, said that the effect of their evidence was nullified on cross-examination when it developed that they expected to have title to the land at the death of M. C. Caddell. We find that their testimony justifies the chancellor's conclusions. The evidence was insufficient to establish an absolute and unconditional gift. Stark v. Kelley, 132 Ky. 376, 113 S.W. 498; Tippenhauer v. Tippenhauer, 158 Ky. 639, 166 S.W. 225.

Appellants further contend that they have acquired title by adverse possession under the gift for a period exceeding fifteen years. The fact that they have occupied the land for a long period of time is undisputed. The question as to whether or not it has been an adverse holding is not difficult for us to determine. Hostile or adverse possession of land must be accompanied with an intention to possess and hold it to the exclusion of all others. This intention can be gathered from acts and declarations of the claimant while in possession and from the circumstances attending his entry and occupation. Nelson et al. v. Johnson et al., 189 Ky. 815, 226 S.W. 94. The intention of appellants when considered in light of their acts and declarations was not to disseise Caddell of his title, but to occupy the land with his permission. Their amicable possession of it will not ripen into title. Murphy v. Newingham, 151 Ky. 360, 151 S.W. 930. After a review of the case we see no reason to disturb the finding of the chancellor.

Judgment affirmed.